# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 11/05/2021 10:23:00 AM.
30-2021-01229917-CU-BT-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By Mauricio Luna, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right; border:1px solid;">
*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Innovasource, LLC, a North Carolina limited [Additional Parties Attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Riviera Beverages, LLC, a California limited liability company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):*<br>30-2021-01229917-CU-BT-CJC |
|---|---|

Orange County Superior Court, 700 Civic Center Drive West, Santa Ana, CA 92701

Judge Martha K. Gooding

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher R. Clark, Fingal, Fahrney & Clark, LLP, 5120 Campus Dr., Ste 200, Newport Beach, CA 92660, 949-723-8100

| DATE:<br>*(Fecha)* 11/05/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Mauricio Luna | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Mauricio Luna



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Riviera Beverages, LLC v. Innovasource, LLC et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

liability company; Midwest Ethanol, LLC, a Minnesota limited liability company; and DOES 1 through 100, inclusive

Page ___2___ of ___2___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

A-011

Electronically Filed by Superior Court of California, County of Orange, 11/04/2021 05:35:36 PM.
30-2021-01229917-CU-BT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Amy Van Arkel, Deputy Clerk.

1  CHRISTOPHER R. CLARK (Bar No. 124393)
   FINGAL, FAHRNEY & CLARK, LLP
2  5120 Campus Drive, Suite 200
   Newport Beach, California 92660
3  Phone: (949) 723-8100
   Fax:    (949) 723-8108
4
   Attorneys for Plaintiff Riviera Beverages, LLC
5

6                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
                  COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
8

9  RIVIERA BEVERAGES, LLC, a California    )  Case No.  30-2021-01229917-CU-BT-CJC
   limited liability company,               )  Assigned for all purposes to Judge: Gooding
10                                           )  COMPLAINT FOR:
                        Plaintiff,           )
11                                           )  1. NEGLIGENCE
   vs.                                       )  2. IMPLIED INDEMNITY
12                                           )  3. COMPARATIVE INDEMNITY
   INNOVASOURCE, LLC, a North Carolina       )  4. EQUITABLE INDEMNITY
13 limited liability company; MIDWEST        )  5. CONTRIBUTION
   ETHANOL, LLC, a Minnesota limited liability )  6. COMMON COUNTS
14 company; and DOES 1 through 100, inclusive, )  7. OPEN BOOK ACCOUNT
                                             )  8. ACCOUNT STATED
15                      Defendants.           )  9. REASONABLE VALUE FOR
                                             )     SERVICES RENDERED
16

17

18      Plaintiff Riviera Beverages, LLC, for causes of actions against Defendants, and each of them,

19 complains and alleges as follows:

20                              PARTIES TO THE ACTION

21      1.      Plaintiff Riviera Beverages, LLC ("Plaintiff") is now, and at all times material hereto was,

22 a California limited liability company, organized and existing under and by virtue of the laws of the State

23 of California, with its principal place of business in the County of Orange, State of California.

24      2.      Defendant Innovasource, LLC ("Innovasource" or "Defendant") is now, and at all times

25 material hereto was, a North Carolina limited liability company, organized and existing under and by

26 virtue of the laws of the State of North Carolina, with its principal place of business in the State of North

27 Carolina. Innovasource had contacts with the State of California as a result of their involvement in the

28 production and co-packing of disinfectant cleaner by Plaintiff in Orange County, State of California.

3.     Defendant Midwest Ethanol, LLC ("Midwest" or "Defendant") is now, and at all times material hereto was, a Minnesota limited liability company, organized and existing under and by virtue of the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Midwest had contacts with the State of California as a result of their business relationship with Plaintiff in the production and co-packing of disinfectant cleaner in Orange County, State of California.

4.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1 through 100, inclusive, are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 100, inclusive, are each responsible in some manner for the events and happenings referred to in the Complaint and hereby proximately caused damage to Plaintiff as herein alleged. Accordingly, Plaintiff hereby sues said Defendants by said fictitious names. Plaintiff will seek leave of Court to amend the Complaint to set forth the true names and capacities of said Defendants when the same have been ascertained.

5.     Plaintiff is informed and believes and thereon alleges that at all times material hereto each Defendants, including those named fictitiously herein, in addition to acting for himself, herself, or itself on his, her or its own behalf individually, is and was acting as the agent, servant, employee and representative of, and with the knowledge and permission of, each of the other of said Defendants and within the course, scope and authority of said agency, service, employment and representation. Plaintiff is further informed and believes and thereon alleges that the acts of each of the Defendants referred to in this Complaint were ratified by all of the other Defendants herein.

### VENUE OF ACTION

6.     The venue of this action is within the County of Orange because the parties engaged in a business relationship to produce disinfectant cleaner to be co-packed by Plaintiff in the County of Orange, State of California.

### FACTUAL ALLEGATIONS

7.     The formula for the disinfectant cleaner ("Product") was developed by Innovasource, and approved by Innovasource and Midwest, for Plaintiff to produce and co-pack the Product in Plaintiff's facility in the Orange County, California. Ronald Roach, a representative of Innovasource, personally inspected Plaintiff's facility and co-packing process as part of the approval for Plaintiff to produce and co-

1  pack the Product.

2      8.      Based on the formula for the Product developed and approved by Innovasource and
3  approved by Midwest, and the gallon bottles and caps for the Product selected and approved by
4  Innovasource and Midwest, Plaintiff produced the Product pursuant to Purchase Orders issued by Midwest
5  to Plaintiff including, but not limited to, Purchase Order number D00077 for $1,225,925.25 on September
6  18, 2020, and Purchase Order number D000100 for $522,974.80 on November 19, 2020.

7      9.      On or about March 22, 2021, Plaintiff emailed an accounting to Midwest reflecting
8  outstanding amounts owed to Plaintiff totaling over $250,000.00.

9      10.     On or about March 25, 2021, Midwest requested that Plaintiff re-label the Product with
10 Ultra Guard labels. Plaintiff complied with Midwest's request by re-labeling about 4,000 gallons of the
11 Product. Midwest subsequently requested that Plaintiff discard all the Product.

12     11.     On or about March 29, 2021, Midwest issued a notice of recall for the Product.

13     12.     On or about April 27, 2021, Midwest scheduled three (3) trucks to start the removal of raw
14 materials purchased by Midwest and stored at Plaintiff's facility for the Product.

15     13.     On or about April 29, 2021, Midwest delivered and parked six (6) 53' trailers at Plaintiff's
16 facility to store the pallets of the Product that had been stored inside Plaintiff's plant.

17     14.     On or about May 7, 2021, Midwest scheduled two (2) more trucks to remove additional raw
18 materials purchased by Midwest and stored at Plaintiff's facility for the Product.

19     15.     Midwest abandoned over 900 pallets (172,000+ gallons) of the failed Product at Plaintiff's
20 facility.

21     16.     The unstable formula for the Product developed by Innovasource, and approved by
22 Innovasource and Midwest, for Plaintiff to produce and co-pack the Product in Plaintiff's facility in the
23 Orange County, California, caused the Product to expand resulting in the failure of the bottles and/or caps.

24     17.     Plaintiff is informed and believes and thereon alleges that, at all times material hereto, this
25 same Product formula was used at multiple co-packing facilities like Plaintiff's with the same result.

26     18.     The damages caused to Plaintiff as a result of the unstable formula for the Product
27 developed by Innovasource, and approved by Innovasource and Midwest, include, without limitation, the
28 cancellation of orders for the Product, the failure of the co-packed Product, the vendor claims relating to

1  the co-packing of the Product, the abandonment of the Product at Plaintiff's facility, and the cleanup of

2  the failed Product at Plaintiff's facility, totaling at least $3,474,078.79, and summarized as follows:

3      (a)    Unpaid Orders and Cancelled Orders:

4              Riviera Produced:    $1,667.352.58 (1,270,848 gallons @ $1.312 ea)

5              Midwest Paid:    $1,566,534.50

6              Balance Due:    $100,818.08

7      (b)    Product Failure:

8              Unstable formula caused product and packaging failure. The gallon bottles began

9              leaking causing each pallet to collapse. The hydrogen peroxide formula ruined the

10             pallets, racking system, painted flooring, baler, staff clothing, etc. at a cost

11             exceeding $500,000.00

12     (c)    Vendor Claims:

13             California Plastics    $ 94,412.96

14             Hood Container    $144,427.28

15             Blackhawk    $29,518.80

16             Orora    $6,885.89

17             Toro Pallets    $50,800.00

18             Gold Water    $33,031.67

19             Adler Tank    $1,584.11

20             Subtotal:    $360,660.71

21     (d)    Product Storage:

22             Warehousing Locations: $440,000.00 (8 mos @ $55,000/mo)

23     (e)    Cleanup and Disposal of Abandoned Product:

24             Staff: $57,600.00 (4@4hrs/day@$15/hr) 8 mos/240 days (min) 3,840 hrs @

25                 $15/hr)

26             Recycle Management Team: $15,000.00

27     (f)    Loss of Business:

28             Due to the 'all consuming' nature of the production, warehousing, recall,

1    destruction, cleanup, etc., the loss of business totals at least $2,000,000.00

2    (minimum $250,000.00/mo for 8 mos)

3    <div align="center"><u>**FIRST CAUSE OF ACTION**</u></div>

4    <div align="center">**(Negligence Against All Defendants)**</div>

5    19.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations

6    contained in paragraphs 1 through 18, inclusive.

7    20.    Plaintiff is informed and believes and thereon alleges that, at all times material hereto,

8    Defendants so negligently and carelessly developed and approved the formula for the Product so as to

9    cause the Product to expand resulting in the failure of the bottles and/or caps.

10    21.    As a direct and proximate result of the negligent and careless acts of the Defendants,

11    Plaintiff has been damaged in an amount in excess of $3,474,078.79.  Plaintiff will seek leave of court to

12    amend this Complaint to state the exact amount of said damages when the same have been ascertained or

13    on proof thereof.

14    <div align="center"><u>**SECOND CAUSE OF ACTION**</u></div>

15    <div align="center">**(Implied Indemnity against All Defendants)**</div>

16    22.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations

17    contained in paragraphs 1 through 21, inclusive.

18    23.    As a result of Defendants' negligent and careless development and approval of the formula

19    for the Product causing the Product to expand resulting in the failure of the bottles and/or caps, Plaintiff

20    has suffered claims and lawsuits by vendors including, but not limited to, California Plastic Containers

21    ($94,412.96), Hood Container ($144,427.28), Blackhawk ($29,518.80), Orora ($6,885.89), Toro Pallets

22    ($50,800.00), Gold Water ($33,031.67), and Adler Tank ($1,584.11) (collectively "Vendors") totaling in

23    excess of $360,000.00.

24    24.    Plaintiff is informed and believes and thereon alleges that it is without fault, responsibility,

25    or blame for any of the damages that the Vendors may have suffered, and alleges that if there is any fault,

26    the fault is Defendants' and not Plaintiff's. Accordingly, Plaintiff is informed and believes and thereon

27    alleges that it is entitled to complete indemnity from Defendants for the Vendor claims.

28    / / /

1    25.    In the event that Plaintiff is held liable for damages to any of the Vendors, it will be solely

2    due to the conduct of Defendants, and each of them, as herein alleged. Plaintiff is therefore entitled to be

3    indemnified by Defendants, and each of them, should such liability arise.

4    26.    Plaintiff is entitled to complete indemnification by Defendants, and each of them, for any

5    sum or sums for which it may be adjudicated liable to the Vendors, as well as all attorneys' fees, court

6    costs, investigative costs, and other expenses costs incurred by Plaintiff in connection with defending the

7    Vendor claims, the exact amount of which is presently unknown. Plaintiff will seek leave of court to

8    amend the Complaint to state the exact amount of said damages when the same have been ascertained or

9    on proof thereof.

10    <div align="center">**THIRD CAUSE OF ACTION**</div>

11    <div align="center">**(Comparative Indemnity against All Defendants)**</div>

12    27.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations

13    contained in paragraphs 1 through 26, inclusive.

14    28.    Plaintiff is informed and believes and thereon alleges that Defendants are legally

15    responsible for the events giving rise to the Vendor claims, or legally responsible in any other manner for

16    the damages allegedly sustained by the Vendors.

17    29.    In the event that, as a result of the matters alleged in the Vendor claims, Plaintiff is held

18    liable for all or any part of the claims or damages asserted against it by the Vendors, Defendants, and each

19    of them, to the extent their fault was a proximate cause of the Vendors' damages and/or losses, are

20    responsible for said damages and/or losses in proportion to each Defendants' comparative negligence, and

21    Plaintiff is entitled to a determination of several liability.

22    30.    By reason of the foregoing, Plaintiff is entitled to indemnity from Defendants, and each of

23    them, for all costs, fees, expenses, settlements, and judgments paid and/or incurred by Plaintiff in

24    connection with the Vendor claims.

25    <div align="center">**FOURTH CAUSE OF ACTION**</div>

26    <div align="center">**(Equitable Indemnity against All Defendants)**</div>

27    31.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations

28    contained in paragraphs 1 through 30, inclusive.

1       32.    Plaintiff is informed and believes and thereon alleges that Defendants are legally

2   responsible for the events giving rise to the Vendor's claims, or legally responsible in any other manner

3   for the damages allegedly sustained by the Vendors.

4       33.    In the event that, as a result of the matters alleged in the Vendor claims, Plaintiff is held

5   liable for all or any part of the claims or damages asserted against it by the Vendors, Defendants, and each

6   of them, to the extent their fault was a proximate cause of the Vendors' damages and/or losses, are

7   responsible for said damages and/or losses in proportion to each Defendants' comparative negligence, and

8   Plaintiff is entitled to a determination of several liability.

9       34.    By reason of the foregoing, Plaintiff is entitled to equitable indemnity from Defendants,

10   and each of them, for all costs, fees, expenses, settlements, and judgments paid and/or incurred by Plaintiff

11   in connection with the Vendor claims.

12   **FIFTH CAUSE OF ACTION**

13   **(Contribution against All Defendants)**

14       35.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations

15   contained in paragraphs 1 through 34, inclusive.

16       36.    Plaintiff is informed and believes and thereon alleges that Defendants are legally

17   responsible for the events giving rise to the Vendor claims, or legally responsible in any other manner for

18   the damages allegedly sustained by the Vendors. In the event that, as a result of the matters alleged in by

19   the Vendors, Plaintiff is held liable for all or any part of the Vendors' alleged damages, Defendants, and

20   each of them, to the extent their fault is determined by the court, are obligated to reimburse and are liable

21   to Plaintiff for all or any liability so assessed by way of contribution, and Plaintiff accordingly asserts

22   herein such right to contribution.

23   **SIXTH CAUSE OF ACTION**

24   **(Common Counts Against Defendant Midwest and DOES 1-10)**

25       37.    Plaintiff incorporates herein by reference as though fully set forth herein, the allegations

26   contained in paragraphs 1 through 36 inclusive.

27       38.    Defendants became indebted to Plaintiff in the sum of $100,818.08 for the fulfillment of

28   Purchase Orders for the Product by Plaintiff on Defendants' behalf. Defendants agreed to pay for the

1  Product produced and co-packed by Plaintiff for the amount billed which is also the reasonable amount
2  for said services.

3      39.    There is now due, owing and unpaid from Defendants to Plaintiff the sum of $100,818.08
4  or according to proof, plus pre-judgment interest thereon at the legal rate until paid. Neither the whole nor
5  any part of the outstanding amount has been paid, although demand therefor has been made to Defendants.

6  <div align="center">**SEVENTH CAUSE OF ACTION**</div>

7  <div align="center">**(Open Book Account Against Defendant Midwest and DOES 1-10)**</div>

8      40.    Plaintiff incorporates herein by reference as though fully set forth herein, the allegations
9  contained in paragraphs 1 through 39 inclusive.

10      41.    Defendants became indebted to Plaintiff in the sum of $100,818.08 for the fulfillment of
11  Purchase Orders for the Product by Plaintiff on Defendants' behalf. Defendants agreed to pay for the
12  Product produced and co-packed by Plaintiff for the amount billed which is also the reasonable amount
13  for said services.

14      42.    There is now due, owing and unpaid from Defendants to Plaintiff the sum of $100,818.08
15  or according to proof, plus pre-judgment interest thereon at the legal rate until paid. Neither the whole nor
16  any part of the outstanding amount has been paid, although demand therefor has been made to Defendants.

17  <div align="center">**EIGHTH CAUSE OF ACTION**</div>

18  <div align="center">**(Account Stated Against Defendant Midwest and DOES 1-10)**</div>

19      43.    Plaintiff incorporates herein by reference as though fully set forth herein, the allegations
20  contained in paragraphs 1 through 42 inclusive.

21      44.    There was an account stated by and between Plaintiff and Defendants on which stated
22  account the sum of $100,818.08 was agreed upon as the balance due to Plaintiff.

23      45.    Demand has been made on Defendants for said sum, but Defendants have failed and refused
24  and continue to refuse to pay said sum, and the whole thereof is now due, owing and payable to Plaintiff
25  from Defendants totaling $100,818.08 or according to proof, plus pre-judgment interest thereon at the legal
26  rate until paid. Neither the whole nor any part of the outstanding amount has been paid, although demand
27  therefor has been made to Defendants.

28  / / /

## NINTH CAUSE OF ACTION

**(Reasonable Value for Services Rendered Against Defendant Midwest and DOES 1-10)**

46.     Plaintiff incorporates herein by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 45 inclusive.

47.     Defendants became indebted to Plaintiff in the sum of $100,818.08 for the fulfillment of Purchase Orders for the Product by Plaintiff on Defendants' behalf. Defendants agreed to pay for the Product produced and co-packed by Plaintiff for the amount billed which is also the reasonable amount for said services.

48.     There is now due, owing and unpaid from Defendants to Plaintiff the sum of $100,818.08 or according to proof, plus pre-judgment interest thereon at the legal rate until paid. Neither the whole nor any part of the outstanding amount has been paid, although demand therefor has been made to Defendants.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**On the First Cause of Action:**

1.     For actual damages in excess of $3,474,078.79 or according to proof;

**On the Second, Third, Fourth, and Fifth Causes of Action:**

2.     For indemnity and contribution for Plaintiff's Vendors' claimed damages and losses in excess of $360,660.71, if any, and for all costs, fees, expenses, settlements, and judgments paid and/or incurred by Plaintiff related thereto;

**On the Sixth, Seventh, Eighth, and Ninth Causes of Action:**

3.     For actual damages in excess of $100,818.08 or according to proof;

**On All Causes of Action:**

4.     For pre-judgment interest;

5.     For reasonable attorneys' fees where applicable;

6.     For costs of suit incurred herein; and

7.     For such other and further relief as the Court deems just and proper.

Dated: November 4, 2021                FINGAL, FAHRNEY & CLARK, LLP

By:_____
Christopher R. Clark, Esq.
Attorneys for Plaintiff Riviera Beverages, LLC

A-020

Electronically Filed by Superior Court of California, County of Orange, 11/04/2021 05:35:36 PM.
30-2021-01229917-CU-BT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Amy Van Arkel, Deputy Clerk.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher R. Clark, Esq. (SBN 124393) | |
| Fingal, Fahrney & Clark, LLP, 5120 Campus Drive, Ste 200, Newport Beach, CA 92660 | |

TELEPHONE NO.: 949-723-8100    FAX NO. (Optional): 949-723-8108
E-MAIL ADDRESS: cclark@ffc-law.com
ATTORNEY FOR (Name): Plaintiff Riviera Beverages, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

| CASE NAME: Riviera Beverages, LLC v. Innovasource, LLC et al. | Assigned for all purposes to Judge: Gooding |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2021-01229917-CU-BT-CJC |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more issues that will be time-consuming to resolve    courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Nine
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 4, 2021

Christopher R. Clark, Esq.
_____
(TYPE OR PRINT NAME)    ►    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

A-021

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer*
   *or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
   *domain, landlord/tenant, or*
   *foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-*
   *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
   *harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

A-022

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF: Riviera Beverages, LLC | |
| DEFENDANT: Innovasource, LLC et.al. | **Nov 5, 2021** |
| Short Title: RIVIERA BEVERAGES, LLC VS. INNOVASOURCE, LLC | Clerk of the Superior Court<br>By: Amy Van Arkel, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01229917-CU-BT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>04/04/2022</u> at <u>09:00:00 AM</u> in Department <u>C32</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: _Amy van Arkel_____ , Deputy

A-023

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** RIVIERA BEVERAGES, LLC VS. INNOVASOURCE, LLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 30-2021-01229917-CU-BT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/05/2021. Following standard court practice the mailing will occur at Sacramento, California on 11/08/2021.

Clerk of the Court, by: _Amy van Arkel_____, Deputy

FINGAL, FAHRNEY & CLARK, LLP
5120 CAMPUS DRIVE # 200
NEWPORT BEACH, CA 92660

A-024

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

A-026

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have   sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY.    STATE BAR NO.: | | | _FOR COURT USE ONLY_ |
|---|---|---|---|
| NAME: | | | |
| FIRM NAME: | | | **For your protection** |
| STREET ADDRESS: | | | **and privacy, please** |
| CITY: | STATE. | ZIP CODE: | **press the Clear This** |
| TELEPHONE NO.: | FAX NO.: | | **Form button after you** |
| E-MAIL ADDRESS: | | | **are done printing this** |
| ATTORNEY FOR _(name):_ | | | **form.** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| JUSTICE CENTER: |
| ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 |
| ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 |
| ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 |
| ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 |
| ☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593 |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an _Order on Court Fee Waiver_ (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____   _____   _____
                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____   _____   _____
                        (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

A-029