UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVIERA BEVERAGES, LLC<br><br>    Plaintiff(s),<br><br> v.<br><br>INNOVASOURCE LLC, et al.<br><br>    Defendant(s). | Case No. 8:22–cv–00912–FWS–ADS<br><br>**ORDER ON PRETRIAL AND TRIAL PROCEDURES (CIVIL CASES)** |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

 This case has been assigned to Judge Fred W. Slaughter. This matter is set for a trial on the above date in Courtroom 10D of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, California 92701. "Counsel," as used in this Order, includes parties appearing *pro se*.[1] This Order sets forth the court's mandatory procedures governing pretrial and trial proceedings.

///

## I. PRETRIAL PROCEDURES

Lead counsel for each party must meet and confer in-person forty (40) days prior to the Final Pretrial Conference. Civ. L.R. 16-2. The parties should review Local Rule 16-2 carefully while preparing to attend the meet and confer.

### A. Schedule of Pretrial Filings

Two (2) copies of all pretrial documents shall be delivered to the court, stapled once in the top left corner, and without blue backing. Counsel shall email all documents listed in the court's Schedule of Pretrial and Trial Dates Worksheet, including any amended documents and proposed orders, in Word-processing format to FWS_Chambers@cacd.uscourts.gov. The only documents not required to be submitted by email are motions *in limine* and oppositions thereto (but counsel shall still send proposed orders by email), the Joint Status Report Regarding Settlement, and declarations containing direct testimony.

- The following documents and motions must be filed at least twenty-one (21) days before the Final Pretrial Conference (referred to as "Trial Filings (First Round)" in the court's Schedule of Pretrial and Trial Dates Worksheet):
    - Motions *in Limine* with Proposed Orders
    - Memoranda of Contentions of Fact and Law
    - Witness Lists
    - Joint Exhibit List
    - Joint Status Report Regarding Settlement
    - Proposed Findings of Fact and Conclusions of Law (bench trials only)
    - Declarations of Direct Testimony (bench trials only)

---

[1] This court does not exempt parties appearing *pro se* from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

- The following documents and motions must be filed at least fourteen (14) days before the Final Pretrial Conference (referred to as "Trial Filings (Second Round)" in the court's Schedule of Pretrial and Trial Dates Worksheet):
    - Oppositions to Motions *in Limine*
    - Joint Proposed Final Pretrial Conference Order
    - Joint/Agreed Proposed Jury Instructions (jury trials only)
    - Disputed Proposed Jury Instructions (jury trials only)
    - Joint Proposed Verdict Forms (jury trials only)
    - Joint Statement of the Case (jury trials only)
    - Proposed Additional Voir Dire Questions, if any (jury trials only)
    - Evidentiary Objections to Declarations of Direct Testimony (bench trial only)

If the total number of motions *in limine* filed by the parties in the aggregate exceeds five (5) motions, the parties shall deliver two (2) courtesy copies of the motions *in limine*, oppositions, and proposed orders to the court in an organized binder or folder. The binder or folder must be indexed with tabs or dividers on the right side designating the docket number of each initial motion and the date on which it was filed. The binder or folder must be organized by the filing date of the initial motion, and each motion and its proposed order shall be followed by the opposition to the motion and its proposed order. Each party is responsible for delivering all of the motion papers related to the motions *in limine* that party filed, including any oppositions filed by an opposing party in response. The binder or folder must be delivered to chambers seven (7) days prior to the Final Pretrial Conference but shall not be sent prior to the cut-off date for an opposing party to file an opposition to any outstanding motions *in limine*.

All courtesy copies of pretrial filings shall be sent to Judge Slaughter's courtesy box, located on the 10th floor of the Ronald Reagan Federal Building

and United States Courthouse in Santa Ana.

### 1. Motions *in Limine*

The court will generally hear and rule on motions *in limine* at the Final Pretrial Conference. The court may rule on motions *in limine* orally or by written order. Prior to filing any motion *in limine*, counsel shall first conduct a meaningful meet and confer and make every effort to reach a satisfactory resolution on the motion that negates its filing. If counsel are unable to reach an agreement, counsel shall file all motions *in limine* at least twenty-one (21) days prior to the Final Pretrial Conference. Oppositions must be filed at least fourteen (14) days prior to the Final Pretrial Conference. Unless the court determines otherwise, counsel shall not file any replies. Motions *in limine* and oppositions shall not exceed ten (10) pages in length. Motions *in limine* must concern *specific* issues. Motions *in limine* are not opportunities for summary adjudication and shall not be filed excessively.

### 2. Witness Lists

Witness Lists shall be filed twenty-one (21) days prior to the Final Pretrial Conference, in the form specified in Local Rule 16-5. Witness Lists shall also include, for each witness: a brief description of the witness's expected testimony; why the witness's testimony will not be duplicative of other witnesses' testimony; and a time estimate in hours or minutes (as applicable) of the length of direct and cross-examination of the witness. Counsel shall file all Amended Witness Lists by 12:00 p.m. (noon) the Thursday prior to the first day of trial.

### 3. Joint Exhibit List

The Joint Exhibit List shall be filed twenty-one (21) days prior to the Final Pretrial Conference, in the form specified in Local Rule 16-6. The Joint Exhibit List shall also set forth any objections to authenticity and/or admissibility, including the basis for any such objections. Counsel shall file all Amended Joint Exhibit Lists by 12:00 p.m. (noon) the Thursday before trial.

///


    4. Jury Instructions (<u>jury trials only</u>)

Jury instructions shall be filed at least fourteen (14) days prior to the Final Pretrial Conference. Counsel should propose jury instructions derived from applicable jury instructions found in the most recent edition of the Manual of Model Jury Instructions for the Ninth Circuit. If the case requires the application of California law, counsel should source its instructions from the most recent edition of the Judicial Council of California Civil Jury Instructions ("CACI"). In other cases, counsel may submit alternatives to these instructions from other authoritative sources of jury instructions only if there is a reasoned argument that the above instructions do not properly state the law or are incomplete. Where a standard instruction does not provide for a certain term to be used or leaves space for counsel to write in a term, counsel must make the appropriate selection(s) or addition(s) in their proposed instructions.

The parties shall make every effort to agree upon jury instructions before submitting proposed instructions. At a minimum, the parties shall meaningfully meet and confer regarding their proposed jury instructions pursuant to the following schedule

- Twenty-eight (28) days prior to the Final Pretrial Conference: counsel shall exchange their proposed general and special jury instructions.
- Twenty-one (21) days prior to the Final Pretrial Conference: counsel shall exchange objections to their opposing counsel's instructions, if any.
- Until fourteen (14) days prior to the Final Pretrial Conference: counsel shall conduct meaningful meet and confers on an ongoing basis and make every effort to reach an agreement on Joint Proposed Jury Instructions.
- Fourteen (14) days prior to the Final Pretrial Conference: counsel shall file their (1) Joint/Agreed Proposed Jury Instructions and (2) Disputed Jury Instructions.

If the parties disagree on any proposed jury instructions, they shall file: one

set of Joint/Agreed Proposed Jury Instructions to which all parties agree; and one set of Disputed Jury Instructions. The Disputed Jury Instructions shall include a "redline" comparison of any disputed language and the factual and/or legal basis for each party's position. The disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. The court may order the parties to further meet and confer before and/or during trial to reach agreement on proposed jury instructions.

Each requested instruction shall be numbered, include a citation(s) to the authority or source of the instruction, be set forth as a complete instruction on a page separate from any other instruction, cover a single subject or principle of law, and not be duplicative of another instruction.

If counsel's proposed jury instructions total more than ten (10) pages in length, an index shall accompany counsel's proposed instructions. The index shall include, for each instruction: the number of the instruction, the title of the instruction, and the page number of the instruction. During trial and before closing argument, the court will meet with counsel to reach an agreement on disputed jury instructions.

5. Joint Verdict Forms (<u>jury trials only</u>)

The parties shall make every effort to agree upon a verdict form before submitting proposals. Counsel shall file a proposed verdict form(s) at least fourteen (14) days before the Final Pretrial Conference. If the parties are unable to agree on a verdict form, the parties shall jointly file a "Competing Verdict Forms" document, which shall include the parties' respective proposed verdict form, a "redline" comparison of any disputed language, and the basis for each party's respective position.

6. Joint Statement of the Case (<u>jury trials only</u>)

At least fourteen (14) days before the Final Pretrial Conference, counsel shall file a Joint Statement of the Case. The Joint Statement should not exceed one page,

and will be read to a panel of prospective jurors before the court begins voir dire.

       7.    Voir Dire (<u>jury trials only</u>)

In general, the court conducts voir dire. The court asks prospective jurors basic questions (such as jurors' general employment information, places of residence, and familiarity with the parties and/or counsel) and may also ask additional case-specific questions. The parties may propose case-specific voir dire questions so long as the proposed questions are filed at least fourteen (14) days prior to the Final Pretrial Conference. Final determination of voir dire will be discussed at the Final Pretrial Conference.

       8.    Proposed Findings of Fact and Conclusions of Law (<u>bench trials only</u>)

Counsel for each party shall, no later than twenty-one (21) days prior to the Final Pretrial Conference, file and serve on opposing counsel their Proposed Findings of Fact and Conclusions of Law in the form specified in Local Rule 52-3. The parties may submit Supplemental Proposed Findings of Fact and Conclusions of Law during trial, and the court may order the parties to file Revised Proposed Findings of Fact and Conclusions of Law after trial concludes.

       9.    Declarations for Direct Testimony (<u>bench trials only</u>)

When ordered by the court, each party shall, at least twenty-one (21) days prior to the Final Pretrial Conference, file declarations setting forth the direct testimony of each witness whom that party expects to call at trial. Each party shall file any evidentiary objections to the declaration(s) submitted by any other party at least fourteen (14) days prior to the Final Pretrial Conference. Such objections shall include the exact statement to which the party objects with a citation to the page and line of the declaration on which the statement appears, a specific and concise objection with a citation to the Federal Rules of Evidence or, where applicable, a case citation, and at least two lines of blank space below each objection for the court to write in its ruling on the objection.

### B. Trial Exhibits

Trial exhibits that consist of documents must be submitted to the court in three-ring binders, not to exceed 3", and indexed by exhibit number with tabbed dividers on the right side. Plaintiff's exhibits shall be numbered 1, 2, 3, and so forth. Other parties' exhibits shall be numbered in the same sequential, numerical format, but shall not share any exhibit numbers with Plaintiff's exhibits. For all sets of binders, the spine of each binder must be designated with the volume number and the range of exhibit numbers included in the volume. Counsel shall submit to the court one original set of exhibit binders for the witness(es) and two copies for the court. Counsel shall also submit a copy of the exhibit binder to opposing counsel; however, counsel may agree to deliver the exhibits to each other in another form (*i.e.*, electronic delivery).

- The original set of exhibits must be demarcated with official exhibit tags filled out and printed on green paper, and attached to the front upper right-hand corner of each exhibit. Each tag shall include the case number, case name, and exhibit number. Tags may be obtained from the Clerk's Office, or counsel may print their own tags from Forms G-14A and G-14B on the "Court Forms" section of the court's website.
- The three sets of copies of the exhibits must be indexed with tabs or dividers on the right side but need not be stamped with official exhibit tags. Counsel will review the exhibit list and the exhibit binders with the Courtroom Deputy before the admitted exhibits are given to the jury.
- The court provides certain audio/visual equipment for use during trial. More information is available at http://www.cacd.uscourts.gov/clerk-services/courtroomtechnology.

Exhibits may not be "published" by virtue of handing them to the jury. Counsel shall meaningfully meet and confer no later than ten (10) days before trial to stipulate as far as possible to foundation, to waiver of the best evidence rule,

and to exhibits that may be received into evidence at the start of trial.

The court disfavors admitting multiple exhibits at the close of a party's case when the corresponding witness is not on the stand. If counsel believes the circumstances warrant or require the submission of multiple exhibits in this manner, counsel is encouraged to request permission from the court to do so <u>as soon as possible</u>.

### C. <u>Materials to Present on First Day of Trial</u>

Counsel shall present these materials to the Courtroom Deputy on the first day of trial:

1. The three sets of exhibit binders (one original, two copies) described above. Counsel shall also present opposing counsel with the fourth set of exhibit binders (a third copy).
2. Any deposition transcripts to be used at trial, for the court's use.

### D. <u>Court Reporter</u>

Any party seeking special court reporter services for any hearing, including real time transmission or daily transcripts, shall notify the court reporter at least fourteen (14) days before the hearing date.

### E. <u>Date and Time of Trial</u>

The court generally holds trials Tuesdays through Fridays from 8:30 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. The exact dates and times of trial proceedings will be determined at the Final Pretrial Conference and on a case-by-case basis. The court may consider the expected length of trial, the witnesses and evidence to be presented, and the availability of counsel and the parties. Thursdays are typically reserved for the court's calendar.

## II. TRIAL PROCEDURES

### A. <u>Ongoing Obligation to Meet and Confer</u>

The parties shall meet and confer on an ongoing basis throughout trial. The court requires the parties to attempt to resolve any issue that arises during trial

among themselves first before the court will resolve it.

### B. Opening Statements, Examining Witnesses, and Summation

Counsel must use the lectern. Counsel may prepare notes or materials in advance for personal use, but must not do so during trial. The court will determine time limits for opening statements, closing arguments and examination of witnesses on a case-by-case basis.

### C. Objections to Questions

Counsel must rise to state an objection and state only that counsel objects and counsel's legal ground for objecting. Counsel shall not use objections to speak in narrative form, restate testimony, argue the case, or attempt to guide the witness's answers. Unless the court orders otherwise, counsel may not argue an objection beyond stating counsel's legal ground for objecting.

### D. Decorum

1. Unless granted specific permission by the court, in which case counsel shall return to the lectern as soon as possible thereafter, counsel must not approach the Courtroom Deputy or the witness box.
2. Unless ordered otherwise, counsel shall rise when addressing the court, and when the court or the jury enters or leaves the courtroom.
3. All remarks by counsel, including any request to re-read questions or answers, must be addressed to the court. Counsel must ask the court's permission to speak with opposing counsel. Counsel shall not address the Courtroom Deputy, parties, court reporter, or opposing counsel absent permission from the court.
4. All witnesses, except witnesses under the age of 14, are to be addressed only by their last names.

5. Counsel shall meet and confer with opposing counsel and obtain opposing counsel's approval before submitting any stipulation to the court.
6. Counsel shall not leave counsel's table to confer with any person outside the view of the court without the court's permission while court is in session.
7. Counsel must not, by explicit or implicit means, display any opinion or belief concerning the testimony of a witness, including with respect to the witness's credibility. Counsel shall instruct their clients and witnesses to do the same.
8. Counsel shall not speak to jurors about any subject. Counsel shall not speak with co-counsel, opposing counsel, witnesses, or clients about the case if the conversation could be overheard by a juror. Counsel shall instruct their clients and witnesses to do the same.
9. Only one lawyer for a party may conduct the direct or cross-examination of a particular witness, or make objections as to that witness, during that witness's testimony.
10. Counsel must strictly abide by all motion *in limine* rulings. Counsel shall instruct their clients and witnesses to do the same.

E. Timeliness

1. Counsel and witnesses are expected to be prepared to immediately commence trial proceedings on the time at which the proceedings are scheduled to start.
2. To accommodate witnesses based on a disability or other reasons, counsel must notify the Courtroom Deputy at least forty-eight (48) hours in advance.
3. All presenting parties must call a witness to take the stand if

one is not currently testifying. The court may interpret a party's failure to present one of their remaining witnesses within a reasonable time as that party resting their case.

    4. If the court adjourns trial or orders a recess while a witness is on the stand, it is the responsibility of counsel who called the witness to secure the witness's presence on the stand when trial resumes. The court will seek to resume trial as soon as possible.

    5. The court may permit parties to call witnesses, such as professional witnesses, out of sequence. It is the responsibility of counsel to discuss in advance whether counsel intends to call any witnesses out of sequence. Counsel must raise any objection to such sequencing of testimony to the court before the testimony is scheduled to begin.

F. <u>Exhibits</u>

    1. Each counsel shall keep track of when each of its own exhibits has been admitted into evidence. Counsel shall also keep their own list of exhibits.

    2. Counsel must advise the court and the Courtroom Deputy of any agreements with respect to proposed exhibits and as to those exhibits that may be received without further motion to admit. Any related stipulations must be in writing.

    3. If the Courtroom Deputy provides counsel with any exhibits during a trial session, counsel shall be responsible for those exhibits, and shall return them to the Courtroom Deputy at the end of the session.

    4. Counsel shall request any exhibit not previously marked for identification to be marked at the time of its first mention.

    Counsel shall show any such exhibit to opposing counsel before the trial session in which the exhibit is first mentioned.

  5. Counsel shall refer to exhibits by their official exhibit numbers. Witnesses should be asked to do the same.

  6. Counsel must not ask witnesses to draw charts or diagrams without first requesting the court's permission. Any graphic aid(s) shall be fully prepared before the trial session at which counsel intends to present the graphic aid(s).

### G. Depositions

If counsel seeks to read the questions and answers from an adverse party's deposition for impeachment purposes, counsel shall first identify for the witness the page and line on which the reading begins and ends. Counsel shall allow time for any objection. If counsel seeks to ask the witness questions on the subject matter of the deposition excerpts read, the witness shall be provided a copy of the relevant pages of the deposition and shall be told to read the relevant pages and lines silently. Counsel may then read further excerpts from the deposition and ask questions of the witness, in no particular order. The witness may then read the deposition excerpts into the record if questioned about its subject matter; otherwise, counsel may read the deposition excerpts into the record.

If a witness is unavailable and that witness's testimony is offered by deposition, the court may allow a reader to read the deposition testimony from the witness stand while counsel asks questions, or counsel shall read the questions and the answers.

### H. Condensing Answers to Interrogatories and Requests for Admission

If counsel anticipates offering more than one answer to interrogatories or requests for admissions based on documents exceeding twenty (20) total pages in length, counsel should prepare a new document listing each question and answer, and the source documents from which the new document was prepared. Counsel

shall provide copies of the new document to the court and opposing counsel.

### I. Advance Notice of Issues Requiring Research or Briefing

Counsel must advise the court of any question of evidence or law that counsel believes will necessitate legal argument requiring research or briefing prior to the trial session at which the question will first be implicated. If an unforeseeable and unexpected legal issue arises during a trial session, counsel shall notify the Courtroom Deputy at the day's adjournment, but counsel shall not make any comments or argument to the Courtroom Deputy regarding its merits. Counsel shall advise the Courtroom Deputy at the end of each trial session of any issues that must be addressed outside the presence of the jury.

IT IS SO ORDERED.

Dated: July 20, 2022

_____
HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE